Edward A. Baker, J.
This is a motion by the defendant pursuant to CPL 240.20 for discovery and inspection of voluminous records, books, invoices, and canceled checks. All of the material in question is property of the defendant and was seized from his premises on December 22, 1975 as a result of a search warrant issued by the Honorable Raymond L. Wilkes, formerly the Administrative Judge of this court.
The Special State Prosecutor for Health and Social Services asserts that the property in question represents evidence of crime and as such should not leave his possession. Although the People concede that the defendant is entitled to inspect and copy the material, they argue that the cost of reproduction should be borne by the defendant. Alternatively, they graciously offer the use of their Hauppauge, New York, facilities, and suggest that the inspection sought by the defendant take place at the office of the Special Prosecutor.
*56 The court recognizes, however, the difficulties inherent in such a procedure. Undoubtedly, to adequately conduct the inspection of the records involved, professional assistance will be required. This court feels that the defendant’s accountants and attorneys should be accorded the convenience of being able to take copies of the records to their respective offices so as to be able to conduct their own free-wheeling and uninhibited investigation of the voluminous material involved. To provide for inspection at the facilities of one’s adversaries, it appears to this court, especially for what will probably require a substantial amount of time and effort, would serve to chill or somewhat impede the defendant’s ability to properly exercise his right of discovery and inspection.
The People assert that reproduction of the material in question represents a substantial financial expenditure and argue that should the court require reproduction, the defendant should bear the expense involved. The People’s argument would be far more persuasive, but for the uncontroverted fact that the material in question, although allegedly representing evidence of a crime, nevertheless, is the property of the defendant. To order a defendant to pay for the reproduction of his own property, which has been seized from him and is about to be utilized as evidence in a criminal prosecution against him appears somewhat incongruous. The court can appreciate the concern of the People in their attempt to defray certain costs involved in prosecution. Certainly, however, when a criminal action is commenced the prosecutor carries the ultimate burden of proceeding expeditiously toward a final disposition of the matter. In accomplishing that mission, the People must also assume the reasonable costs involved in such prosecution. This court is of the opinion, based upon the aforesaid, that the costs involved in reproducing those records in question falls within those expenditures which should reasonably be assumed by the People.
Based upon the foregoing, it is accordingly ordered that copies of the records, books, invoices, checks, and other material seized by the People pursuant to search warrant on December 22, 1975 be copied or reproduced and delivered to the defendant; and it is further ordered that the payment of costs and expenses regarding the aforesaid be and the same hereby are deemed to be a lawful charge to the People; and it is further ordered that the defendant will be permitted to *57 make further pretrial motions, if any, provided the same are made within 30 days from the entry of this order.